BILLY J. WILLIAMS, OSB #901366
Acting United States Attorney
District of Oregon
FRANK R. PAPAGNI, JR., OSB #762788
Assistant United States Attorney
frank.papagni@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
Facsimile:   (541) 465-6917
Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:15-CR-00263-AA |
| v. | **UNITED STATES'** |
| | **SENTENCING MEMORANDUM** |
| TROY DUANE HERRING, | Sentencing: 7/21/16 @ 1:00 p.m. |
| Defendant. | |

The United States of America, by and through Billy J. Williams, Acting
United States Attorney for the District of Oregon, and Frank R. Papagni, Jr.,
Assistant United States Attorney, respectfully submits the following sentencing
memorandum which recommends this Court impose a 5-year prison term which is
sufficient but not greater than necessary sentence for this forty-nine year old
recidivist.

## Summary

The investigations of a tractor/trailer theft by the agents of the Bureau of
Land Management, a boat theft by Lane County deputies, and a truck theft by Linn

County deputies led to the defendant's arrest for being a felon in possession of a rifle and ammunition.   These investigations also led to the arrests by federal agents of Larry Larsen, Trevor Swafford, Sky Shipman, Scott Shipman and Amanda Taylor for conspiracy to commit theft of government property and theft of government property.   Larry Larsen was also arrested for being an armed career criminal.

Before committing this crime, defendant had been convicted of twenty (20) felony convictions.   His prior convictions include four convictions of being a felon in possession of a firearm, one conviction for a criminal negligent homicide involving a firearm, five drug felonies convictions – two deliveries and three possessions, five felony theft convictions and four convictions of possession of a stolen vehicle.

Defendant – again – illegally possessing a firearm, using methamphetamine, possessing and using stolen vehicles coupled with his attempt to have witnesses lie for him in a grand jury justifies the recommended prison term.   The non-aggravating circumstances surrounding defendant's possession of the rifle and ammunition and his admissions to law enforcement regarding his and his accomplices' criminal activities warrants a prison term thirty-two (32) months less than the advisory guideline range.

Pursuant to a plea agreement with the United States Attorney's Office (USAO), Benton, Douglas, Lane and Linn County District Attorneys, and the Ada County Prosecuting Attorney's office, defendant pled guilty in this Court to being a felon in possession of a firearm and ammunition and has agreed to a 60-month

UNITED STATES' SENTENCING MEMORANDUM                                   Page 2

prison term.   PSR ¶¶3-11.   If sentenced to five years in prison, defendant will avoid being prosecuted on numerous charges in each of those counties.   PSR ¶ 5.

The Presentence Report prepared by Senior U.S. Probation Officer Robb accurately describes the reasons why such sentence is appropriate and joins the parties in recommending it to this Court. *Sent. Recom. Justification.*

When sentenced, defendant will have been in federal custody for one year. While having served numerous prior terms of incarceration, the longest term of imprisonment served by defendant was 46 months.   PSR ¶ 46 (Criminal Negligent Homicide).

The USAO and the USPO considers a 60-month prison term to be reasonable because it should enable him to enter the 9-month Residential Drug and Alcohol Program (RDAP) and, hopefully, upon his beginning a 3-year term of supervised release, prevent his relapsing into methamphetamine abuse and criminal conduct. Further, a five-year term of imprisonment – less with good time and any reduction for RDAP – should deter him from future possession of firearms and illicit drug usage.   If not, given defendant's criminal history, he would likely be imprisoned until he was more than sixty (60) years old.

### 18 U.S.C. § 3553 Factors

**1.    Nature and Circumstances of the Offenses**

Defendant is to be sentenced for possessing a rifle and ammunition given to him by a female friend (LH). PSR ¶ 18.   Despite having admitted to federal agents that he possessed a rifle and ammunition, defendant, a persuasive and conniving

speaker, convinced LH and another woman (JC) to falsely testify he had not possessed the rifle and ammunition. PSR ¶¶ 19-20.

When confronted by federal agents, JC acknowledged lying in an attempt to protect the defendant. PSR ¶¶ 19-20.   LH who had given him the rifle falsely testified in grand jury about defendant's possession of the firearm, and after being confronted with incriminating evidence, recanted her perjured testimony. PSR ¶¶ 19, 21.

The chronology of defendant's criminal activities which led to his arrest and plea agreement is depicted in detail in a "power point" presentation.   It is filed under seal because it sets forth information about defendant's accomplices and associates whose criminal cases are pending and the victims' and witnesses' identities.

A significant mitigating sentencing factor was that state and federal investigators did not uncover any evidence defendant possessed the rifle in connection with his other criminal activities.   As reflected in his early criminal history, defendant was a hunter, albeit one who violated hunting laws. PSR ¶¶ 40, 41, 42, 45, and 46.

2.    **History and Characteristics of Defendant**

    A.    **Criminal History**

Despite nine of his criminal convictions not scoring any points, Defendant has twenty-seven (27) criminal history points.   This is more than twice the number needed to for a defendant to be placed in the highest/worse criminal category, VI.

UNITED STATES' SENTENCING MEMORANDUM                    Page 4

PSR ¶ 63.   Oregon judges have sentenced him twenty-three (23) times.   He has twenty-six convictions.

After committing a series of hunting violations (*e.g.,* twice hunting out of season, spotlighting, and hunting without a license), in 1995, the 25-year old defendant shot and killed his hunting companion. PSR ¶¶ 40-42, 45-46.   Because he was criminally negligent, Defendant served 47 months in prison for this homicide. PSR ¶46.

Soon after his release from prison in February 2000, the 34-year old defendant violated his post-prison supervision in May 2001 by manufacturing and possessing methamphetamine and, in October 2001, again possessed methamphetamine. PSR ¶¶ 47, 49.

From 2003 thru 2007, despite having several felony convictions, defendant, ages 34 thru 40, continued his methamphetamine trafficking and usage, and was caught illegally possessing rifles. PSR ¶¶ 50-56.

Released from prison in 2008, defendant continued to use methamphetamine and possess firearms, but shifted his criminal activities from drug trafficking to theft and fraud. PSR ¶¶ 57-60.

Particularly concerning was the 44-year defendant's 2010 attempt to obstruct justice by threatening to commit to arson and assault should two witnesses testify against him. PSR ¶ 60.

In 2015, the 49-year old defendant was on probation when he committed this offense. PSR ¶ 62.   He was engaged in crimes with a felon, Larry Larsen, with

UNITED STATES' SENTENCING MEMORANDUM                    Page 5

whom he had been imprisoned.

In February 2015, defendant and Larsen stole a fishing boat in Cottage Grove, Oregon, which was stored on the Sweethome, Oregon, property of defendant's female friend, LH.   On March 27, 2015, Larsen stole a truck in Albany, Oregon, which defendant was driving on April 9, 2015, and which Larsen drove on April 13, 2015, when he stole a BLM tractor and trailer from a facility in Marcola, Oregon.   Larsen used the stolen truck to tow the stolen BLM tractor to the property of Sky and Scott Shipman in Sunny Valley, Oregon.

Between April 13-15, 2015, Larsen, Trevor Swafford and Amanda Taylor painted the BLM trailer black in Larsen's auto shop in Springfield, Oregon.   On April 16, 2015, Larsen and Taylor transported the trailer to Sweethome, Oregon, and parked it on LH's property.

About 3:00 am on April 17, 2015, defendant was towing the stolen boat with the stolen truck on Marcola Road in Lane County, Oregon, when he lost control and crashed.   He left the crash site before deputies arrived.

On April 17, 2015, deputies recovered the stolen BLM trailer and pickup trucks stolen from citizens in Benton and Linn County parked on LH's Sweethome property.

Aware federal agents and county deputies were searching LH's property, on April 18, 2015, defendant and a female, JC, went to LH's property and removed the rifle given him by LH.   JC stored the rifle at her home until defendant retrieved it and returned it to LH's property.   LH informed a BLM agent that defendant

UNITED STATES' SENTENCING MEMORANDUM                              Page 6

returned the rifle she had given him.

On May 2, 2015, in a recorded statement, defendant described to a BLM agent Larsen's theft of the BLM tractor and trailer, and admitted possessing the rifle.   He also admitted he was the driver of the stolen truck towing the stolen boat that deputies found crashed on Marcola Road on April 17, 2015.

On May 4, 2015, Larsen threatened to kill defendant for talking to law enforcement.   On June 12, 2105, the stolen BLM tractor was discovered by citizens on a mining claim site in Josephine County.   The site had been previously mined by Donald Shipman, father of Scott Shipman and grandfather of Sky Shipman.

On July 20, 2015, federal agents arrested defendant for being a felon in possession of a firearm.   When arrested, he was facing numerous criminal charges and probation violations in Oregon and Idaho. PSR ¶ 5.

C.   **Family History**

Defendant's childhood and teenage years provided a foundation for his not becoming a recidivist. PSR ¶¶ 74-77.   When informing his wife that he wanted a divorce, defendant was shot in the left leg.   PSR ¶ 77.   The wound required his leg be amputated. *Id*.

Currently, defendant is having fitting problems with his prosthetic leg, and dealing with those problems before commencing his sentence appears appropriate. PSR ¶ 80.

D.   **Education/ Employment/Income**

Defendant has a high school diploma and attended community college.   PSR

UNITED STATES' SENTENCING MEMORANDUM                                    Page 7

¶ 83.   He is a "realistic" and "investigative" type individual.    PSR ¶¶ 85-86.   This profile is consistent with his interactions with criminal associates.

Defendant's employment in logging and construction effectively ended with the amputation of his leg.   His income since 1983, not counting income illegally derived from drugs and thefts, has been primarily from Social Security.   PSR ¶ 88.

Defendant's mother and other women have supplied him a residence.   PSR ¶ 79.

### E.    Substance Abuse, Mental and Physical Health

When not imprisoned, for the past sixteen (16) years defendant has consistently used methamphetamine. PSR ¶ 82.   His reported motivation for abusing this drug was the death of his hunting companion and father.   PSR ¶ 81.

While in state custody, in 2009, defendant completed a "boot camp" program which emphasized substance abuse recovery. PSR ¶ 82.   Once out of custody, he resumed using methamphetamine. *Id.*

Detained for the past year, a now sober defendant wants to again participate in a substance abuse program. *Id.*

### Advisory Sentencing Guideline Range – 18 U.S.C. § 3553(4)

The USAO agrees that the USPO has correctly determined defendant's base offense level is 24 and should be increased 2 levels for obstruction of justice.   PSR ¶¶26-30.   The USAO also agrees with the USPO that by pleading guilty defendant deserves a 3-level reduction for acceptance of responsibility which results in a total offense level of 23.   PSR ¶¶ 31-35.

UNITED STATES' SENTENCING MEMORANDUM                         Page 8

The USAO agrees with the USPO that defendant has 27 criminal history points and a Criminal History of VI with an advisory sentencing guideline range of 92 to 115 months of imprisonment. PSR ¶¶ 61-63.

### 18 U.S.C. § 3553 (a)(2)(B) Sentence Objectives

When imposing a sentence sufficient but not greater than necessary, the law requires the court consider the foregoing factors and the need for the sentence imposed to.

**Reflect the Seriousness of the Offense:**   Defendant has a lengthy history of methamphetamine abuse, illegal firearm possession and crimes of dishonesty. Despite several convictions for being a felon in possession of firearms, defendant is again to be sentenced for the same offense thus warranting a severe sanction. Weighing in defendant's favor is the fact that the rifle in his position was not connected to any other criminal activity.   The rifle was a gift, not stolen.

**To Promote Respect for the Law**:   Defendant's knew possessing firearms and ammunition after being convicted of twenty (20) felonies reflects a significant disrespect and a disregard for the law which requires a severe sanction to prevent his ever again possessing a firearm.

**Provide Just Punishment:**   Just "punishment" accounts for the criminal's past, the crime committed, the post-crime aggravating and mitigating conduct and the risk of reoffending.   While defendant does have an extensive criminal history, his cooperation and admissions favors a mitigated sentence.   As in the recent past, he

UNITED STATES' SENTENCING MEMORANDUM                                    Page 9

attempted to obstruct justice which cuts against any further mitigation.

**To Afford Adequate Deterrence:**    Nothing done by Oregon judges has deterred defendant from committing crimes and possessing firearms.    A 60-month sentence recommended by the USPO and the parties will be the longest sentence ever imposed on him, yet significantly less than the sentence he should receive if he again possesses a firearm.

**Protect the Public from Further Crimes of the Defendant:**    This factor requires the court to engage in a risk assessment as to a defendant's future dangerousness.    Defendant's age has caused him to turn to crimes of dishonesty and theft as opposed to drug trafficking.    There is no evidence defendant's possession of the firearm was connected to his other criminal activities.

**Provide Defendant with Needed Educational and Vocational Training, and Medical and Correctional Treatment:**    The 60-month sentence (less than 12 months with credit for time served and good time) should supply the defendant with sufficient amount of time to enter the RDAP program and deal with his substance abuse issues.    The objective is his not reoffending or relapsing.

**Advisory Sentencing Guidelines and Policy: "**Except as provided (by the above described factors set forth in 18 U.S.C. § 3553(a)(2)), the court shall impose a sentence of the kind and within the (advisory sentencing) guideline range, . . .."    18 U.S.C. § 3553(b)(1).    Here the parties agree that the advisory guideline range has been correctly calculated, but that a downward variance to from a 7 ½ year (low-end

UNITED STATES' SENTENCING MEMORANDUM                                    Page 10

of the guideline range) to a 5-year sentence will satisfy not only the federal interest but that of the state of Oregon.

**Avoid Unwarranted Sentence Disparities:**   The law recognizes the need to impose similar sentences for defendants who have similar criminal histories and commit similar crimes.   A 60-month prison term is dissimilar to the sentences from other defendants with a similar criminal history.   It is dissimilar because defendant did not unlawfully use the firearm, admitted his possession and cooperated with law enforcement in divulging his criminal activities.

**Need to Provide Restitution to the Victim:**   A criminal should be required to pay restitution to his victim.   Here, restitution is not required for the offense he committed; however, defendant has agreed to pay restitution for those crimes he committed for which he will not be prosecuted.   PSR ¶ 11. Thus far, the USAO has not received the amounts he should be ordered to pay.

### Recommendation

Defendant has been incarcerated for this federal crime since July 20, 2015. PSR Release Status.   On March 23, 2016, he pled guilty to being a felon in possession of a firearm or ammunition. PSR ¶¶ 1-2.   The maximum sentence he faces is 10 years.   18 U.S.C. § 922(g)(1).   Detained since July 2015, a now sober defendant appears ready to again participate in a substance abuse program and address the issues which fueled his substance abuse.

UNITED STATES' SENTENCING MEMORANDUM                         Page 11

Defendant, the USPO and USAO recommend a 60-month prison term because, unlike past state court sentences, it is sufficient but not greater than necessary for the crime he committed and should likely deter him from reoffending and provide him a sufficient amount of time to obtain the treatment he needs before re-entering society.   The USAO agrees with the USPO recommended general and 12 special conditions of supervision.   The USAO supports defendant's request that the Court recommend he be designated to Danbury FCI for service of his sentence and to participate and complete the Resolve Program for Men.

Respectfully submitted this 15th day of July 2016.


BILLY J. WILLIAMS
United States Attorney


s/ *Frank R. Papagni, Jr.*
FRANK R. PAPAGNI, JR.
Assistant U.S. Attorney


UNITED STATES' SENTENCING MEMORANDUM                    Page 12