Marc P. Friedman
Attorney for Defendant Troy Duane Herring
OSB #89244
Friedman Law Office, P.C.
245 W. 13th Ave.
P.O. Box 11167
Eugene, Or  97440
(541) 686-4890
Fax:  (541) 344-6254
attyfriedman@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | Case No.: 15CR0263-AA |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | DEFENDANT'S SENTENCING MEMORANDUM |
| TROY DUANE HERRING, | ) ) ) | Sentencing Hearing July 21, 2016 Judge Anne Aiken |
| Defendant. | ) | |

Comes now Defendant, Troy Duane Herring, by and through his attorney

Marc P. Friedman, and respectfully submits the following information and requests

the court consider the factors set forth below, and the materials submitted as

attachments hereto.

**Introduction**

Mr. Herring is 49 years old.

The pendency of this case has taken toil upon his health.  He struggles

with mental health and drug and alcohol issues.  He carries a dual diagnosis for

Defendant's Sentencing Memorandum                                                                                       1

depression and drug use.  A copy of Mr. Herring's jail medical records for his

current incarceration in the Lane County jail was provided to Parole and Probation

and is attached to the PSR.

  Mr. Herring has never received any specific or long term treatment for these

conditions.  However, most urgently Mr. Herring needs to receive proper care and

treatment for his prosthetic leg.

**ADDITIONAL RELEVANT FACTS**

**Criminal Charge**

        Mr. Herring acknowledges his role in the crime charged and to which he

pled, as well as other uncharged conduct.  He continues to struggle with leaving

the associations and life which has drawn him into criminal conduct.  He deeply

regrets his conduct and hope to take steps to once and for all get set on the right

path.

**SENTENCING CONSIDERATIONS**

Criminal History

        The PSR calculation is accurate.

Offense Level Computation

| | |
|---|---|
| Base Level - U.S.S.G §2K2.1 | 24 |
| Obstruction of Justice - U.S.S.G §3C1.1 | 2 |
| Acceptance of Responsibility (U.S.S.G §3E1.1) | -3 |
| | __ |
| | 23 |

        Other Adjustments:

Defendant's Sentencing Memorandum                                                2

Substantial assistance for cooperation                              -3

                                                                  ––
                                                                  20
                                                        (70 - 87 months)

Additional adjustments under 18 UCS §3553(a):

Government joins in the recommendation of a downward departure to 60 months.

**Adjustments under 18 UCS §3553(a)**

18 U.S.C. § 3553(a) POST-BOOKER

Pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005), the Sentencing Guidelines are advisory. Sentencing post-Booker has been in some flux. See, *Gall v. United States*, 128 S.Ct. 586, 591 (2007). The United States Supreme Court, however, has finally put to rest the issue of how much discretion the District Court has when imposing a sentence. See id. at 600.

Sentencing Post-Gall

The United States Supreme Court in *Gall* laid out the procedure to be undertaken by the District Court during sentencing:

First, "a district court should begin all sentencing proceedings by correctly calculating the applicable guidelines range. As a matter of administration and to secure nationwide consistency, the guidelines should be the starting point and the initial benchmark. The guidelines are not the only consideration, however." Id. at 596.

Defendant's Sentencing Memorandum                                    3

Second, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the guidelines range is reasonable . . . He must make an individualized assessment based on the facts presented." Id. at 596-97.

Third, "if [the District Court] decides that an outside-guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." Id. at 597.

Fourth, "[a]fter settling on the appropriate sentence, [the District Court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id.

Appellate Review post-Gall

The Court in Gall then set out the standards for review of a District Court's sentence as:

First, "[r]egardless of whether the sentence imposed is inside or outside the guidelines range, the appellate court must review the sentence under an abuse of discretion standard." Id.

Defendant's Sentencing Memorandum                                                  4

Second, in so doing, "[the Appellate Court] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating)  the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id.

Third, "[a]ssuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the guidelines range." Id.

Fourth, a sentence, however, "[I]f the sentence is outside the guidelines range, the [appellate] court may not apply a presumption of unreasonableness. side the guidelines range is not be presumed unreasonable. It may consider the extent of the variation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

Fifth, appellate courts cannot substitute their judgment for the sentencing judge. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id.

Defendant's Sentencing Memorandum                                                                   5

18 U.S.C. § 3553(a) -- Factors to be considered in imposing a sentence.
The Court shall impose a sentence sufficient, but not greater than necessary,
to comply with the purposes set forth in paragraph (2) of this subsection.
The Court, in determining the particular sentence to be imposed, shall
consider:

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law,
and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training,
medical care, or other correctional treatment in the most effective manner.

Because of the Booker and Gall decisions, the Sentencing Guidelines'

limitations on factors a court may consider in sentencing-e.g., the impermissible

grounds for departure set forth in U.S.S.G. § 5K2.0(d), no longer restrict the court's

discretion. See *United States v. Zavala*, 443 F.3d 1165, 1171 (9th Cir. 2006).

Judges must consider the goals and purposes of 18 U.S.C. §3553(a) and impose a

sentence that furthers those objectives. Id.

**APPLICABLE MITIGATING SENTENCING FACTORS**

We ask the court to consider Mr. Herring's role in these circumstances, his

medical condition and as well as other appropriate factors.

**SENTENCING RECOMMENDATION**

When the 18 U.S.C. § 3553(a) factors are considered the court must find that

the nature and circumstances of the offense and Mr. Herring's history and

characteristics; the seriousness of the offense in light of the need to promote

Defendant's Sentencing Memorandum                                                    6

respect for the law and to provide just punishment for the offense; the desire to

afford adequate deterrence to criminal conduct; to protect the public from further

crimes of the defendant; and to provide the defendant with medical care all suggest

a sentence well below the guidelines.

Mr. Herring acknowledges the negotiations in his case and accepts the fact

that a sentence of 60 months will be imposed.  He understands that he will serve a

60 month sentence less credit for time served (approximately 12 months) and good

time (approximately 9 months).

He asks the court to follow the recommendations of the parties and impose a

sentence of 60 months.  He further requests that the court make the

recommendations for placement contained in the PSR – Danbury FCI for the

Resolve Program for Men.   If Mr. Herring is not placed in the treatment program

in Danbury FCI, we request that he be sent to a camp facility other than Sheridan.

Mr. Herring would further welcome the opportunity to enter an RDAP program.

Upon release and while on post-prison supervision he would like to participate in

the court's Reentry Program.

Additional Request

Mr. Herring has an additional request.  We are hopeful that Mr. Herring may

be permitted a period of pretrial release to deal with the fitting of his prosthetic leg.

However, if he is unable to receive required treatment for his prosthetic leg during

Defendant's Sentencing Memorandum                                                7

a period of pretrial release, we request that the court permit Mr. Herring to self-report.  Specifically, Mr. Herring must have his prosthetic leg adjusted before he goes into BOP custody.  This will require multiple trips to the prostheses provider.  A letter from Hanger Clinic is attached:

> Hanger Clinic: Prosthetics & Orthotics
> 445 Harlow Road
> Springfield, OR 97477

We request the court release Mr. Herring following sentencing and direct that he turn himself in within 3-4 weeks.

It is best that Mr. Herring improve his health and become a valuable and productive individual.  It will serve the community, the injured party and the court well if he is permitted to his as a productive community member.

Dated this 18th day of July, 2016.

Respectfully Submitted,

*/s/ Marc Friedman*_____
Marc P. Friedman, OSB #89244
Attorney for Troy Duane Herring

Defendant's Sentencing Memorandum                                         8